# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TOBI DAGY, | ) | |
| | ) | CASE NO. 5:23-cv-02120-DAR |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | REPORT OF PARTIES' PLANNING |
| SANOFI-AVENTIS U.S. LLC et al., | ) | P. 26(f) AND LR 16.3(b)(3) |
| | ) | |
| Defendants. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on <u>January 23 2023,</u> and was attended by: <u>Pierce Jones, counsel for Plaintiff Tobi Dagy, and Matthew E. DePaz, counsel for defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC.</u>

2. The parties:

    \_\_\_\_\_ have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order;

    \_\_\_\_\_ will exchange such disclosures by _____;

    **X** have not been required to make initial disclosures.

    <u>The parties agree that initial disclosures are not necessary due to prior discovery in the multidistrict litigation ("MDL") from which this case was transferred. The parties waived initial disclosures in the MDL and instead exchanged information using Plaintiff and Defendant Fact Sheets.</u>

3. The parties recommend the following track:

      Expedited                     Standard                 **X** Complex

      Administrative              Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

      Early Neutral Evaluation        Mediation        Arbitration

      Summary Jury Trial        Summary Bench Trial

  **X**  Case Not Suitable for ADR

<u>Plaintiff Dagy issued a demand on February 1, 2024. Sanofi responded with an offer on February 5, 2024. The case has not settled to date. The parties are also working toward resolution at a global and firm level. To the extent the parties do not achieve settlement through these other avenues, the parties may reassess alternative dispute resolution at a later date.</u>

5. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. Recommended Discovery Plan:

    (a) Describe the claims & defenses on which discovery is to be sought and the nature and extent of discovery.

    <u>The MDL court has facilitated completion of all general expert, corporate, and third-party discovery. *See* Transfer Order, ECF No. 8, Ex. B at 7–9, 44. No additional general discovery against Sanofi US Services Inc. and sanofi-aventis U.S. LLC</u>

(collectively "Sanofi") shall be permitted post-remand. *See id.* at 8.

Significant case-specific discovery is still needed. *See id.* at 44–45. Ms. Dagy claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere. Her claims entail complex questions of medical injury, medical causation, and personal and medical damages that implicate many diverse aspects of her medical history. These include her cancer diagnosis, care, and follow up; any treatment for, diagnosis, or discussion of hair loss with any provider; other health issues, such as genetic, hormonal, and autoimmune issues, bearing on cancer treatment options, hair loss, and quality of life; and non-medical evidence regarding Ms. Dagy's hair and quality of life over time, including photographs and testimony from her cosmetic service providers, friends, and/or family.

So far, Ms. Dagy has completed a Plaintiff Fact Sheet and Sanofi has completed a Defendant Fact Sheet. Ms. Dagy has produced some photographs and medical records. Sanofi has requested updated authorizations for the release of additional medical records and Plaintiff's Counsel is working on securing signed authorizations. The parties anticipate the need to depose Ms. Dagy, her prescribing physician, treating physician, one or more sales representatives for Sanofi, and other witnesses such as medical professionals, friends, and/or family. The parties may also serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of risk-counseling documents, personal notes, and additional photographs are likely needed. The parties will also conduct expert-witness discovery.

  (b)  Discovery Cutoff Date: March 21, 2025

7. Recommended dispositive motion date: April 25, 2025

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: The parties dispute whether amendments to the pleadings should be permitted. Plaintiff requests until April 5, 2024 to file a Motion for Leave to Amend her Complaint. Defendants request until April 19, 2024 to oppose Plaintiff's Motion for Leave to Amend. The parties will state their respective positions on why amendments should or should not be permitted in their respective briefs.

9. Recommended date for a Status Hearing: January 14, 2025

10. Other matters for the attention of the Court: In accordance with the Court's January 5, 2024 Order, ECF No. 16, the parties engaged in settlement discussions.

Attorney for Plaintiff(s)     */s/ Pierce Jones*

Attorney for Defendant(s)     */s/ Matthew DePaz*